NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **OPINION AND ORDER** |
| v. | No. 13-cr-00631 (WHW) |
| JAMAR DARBY, | |
| Defendant. | |

**Walls, Senior District Judge**

In 2014, Petitioner Jamar Darby pleaded guilty in this Court to conspiring to violate the Hobbs Act, 18 U.S.C. § 1951(b)(1), and to using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Darby now seeks to challenge his conviction and has filed a petition for appointment of counsel. Decided without oral argument under Fed. R. Civ. P. 78, Darby's petition is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 25, 2013, Petitioner Jamar Darby, a/k/a "Rhino," was indicted by a grand jury in the District of New Jersey for his alleged role in nine armed robberies of New Jersey businesses. Indictment, ECF No. 7 ¶¶ 1-11. In Count One of the indictment, Darby was charged with conspiracy to interfere with interstate commerce by robbery and to commit and threaten physical violence in furtherance of the robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a) (the "Hobbs Act Conspiracy Offense"). *Id.* ¶¶ 1-11. Darby was also charged with nine counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts Two, Four, Six,

Eight, Ten, Twelve, Fourteen, Sixteen, and Eighteen), *id.*; and nine counts of using, carrying, possessing, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii) (Counts Three, Five, Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, and Nineteen) (the "Firearm Offenses"). *Id.*

On March 12, 2014, Darby pleaded guilty to Count One, the Hobbs Act Conspiracy Offense, and Count Eleven, one of the Firearms Offenses. *See* Plea Agreement, ECF No. 20; Minute Entry, ECF No. 18. Darby was sentenced to a prison term of 141 months on Count One and a consecutive term of 84 months on Count Eleven, for a total sentence of 225 months. Judgment, ECF No. 22.

On March 28, 2016, Petitioner Darby submitted to this Court a petition for the appointment of legal counsel. ECF No. 32. Darby argues that several recent cases, including the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), suggest that his Hobbs Act Conspiracy conviction may not qualify as a "crime of violence" necessary to support his Firearm Offense conviction. *Id.* Darby states that he is "indigent and is a layman to the law" and indicates that he wishes to file a petition for habeas corpus under 28 U.S.C. § 2255 but does not know how to do so without the assistance of counsel. *Id.*

## DISCUSSION

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[O]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992) ("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings").

NOT FOR PUBLICATION

Title 18 of the United States Code, Section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner when the "interests of justice so require." In determining whether the interests of justice require the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991), *superseded by statute on other grounds as stated in United States v. Green*, 543 Fed App'x 266 (3d Cir. 2013). Factors for the court to consider "include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Id.* (citing *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)).

Petitioner Darby claims that several recent decisions, including *Johnson*, may warrant the reversal of his conviction for the Firearm Offense on the ground that the Firearm Offense statute is unconstitutionally vague. ECF No. 32. Because Darby has not yet filed a petition for relief under 28 U.S.C. § 2255, the Court cannot fully evaluate the "complexity of the factual and legal issues in the case" to determine whether Darby presents a "nonfrivolous claim" and whether the "appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263-64. Petitioner Darby's request for counsel is premature.

Petitioner Darby states that he requires an attorney because he "does not know the proper way to file a 2255." ECF No. 32. The Clerk of the Court shall send Petitioner Darby a copy of the blank form for 28 U.S.C. § 2255 motions required by Local Civil Rule 81.2(a), i.e. Form AO 243 (modified). The first page of the form includes instructions on how to complete and where to return the form. Once Petitioner Darby has filed a petition for relief under 28 U.S.C. § 2255, he may again request the appointment of counsel.

NOT FOR PUBLICATION

## CONCLUSION AND ORDER

This matter having come before the court on Petitioner Darby's application for appointment of counsel for the purposes of filing a 28 U.S.C. § 2255 petition for writ of habeas corpus, it is hereby ORDERED that Darby's application is denied without prejudice;

And it is further ORDERED that the Clerk of the Court shall send Petitioner a blank form for 28 U.S.C. § 2255 motions, AO 243 (modified): DNJ-Habeas-004 (Rev. 01-2014).

DATE: 17 May 2016

William H. Walls
Senior United States District Court Judge