UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Petitioner, | : | Cr. No. 13-631 (KM) |
| v. | : | |
| JAMAR DARBY, | : | **OPINION & ORDER** |
| Respondent. | : | |

**KEVIN MCNULTY, U.S.D.J.**

Before the Court is the pro se motion (DE 41) of defendant Jamar Darby for Compassionate Release, *i.e.,* a reduction of sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). For the reasons stated herein, the motion is denied without prejudice to any further application to the Bureau of Prisons and subsequent motion on other grounds.

**Background and Prior 2255 Motion**

On July 30. 2104, Mr. Darby was sentenced by William H. Walls, U.S.D.J., to 141 months' imprisonment on Count 1 of the indictment (Hobbs Act conspiracy, 18 U.S.C. § 1951(a)). He received a consecutive sentence of 84 months on Count 11 (using and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)). The result was a total sentence of 225 months. He is serving that sentence at FCI Bennettsville, in South Carolina.

Mr. Darby filed a motion to correct sentence, under 28 U.S.C. § 2255. *See Darby v. United States*, Civ. No. 16-3660 ("Đarby 2255 case"). In that motion, he argued that intervening Supreme Court case law required reversal of his § 924(c) conviction. *Johnson v. United States,* 135 S. Ct. 2551 (2015); *see also United States v. Davis,* 139 S. Ct. 2319 (2019) (holding the "residual clause," 18 U.S.C. § 924(c)(3)(B), properly interpreted, to be unconstitutionally

vague).[1] The "residual clause" having been struck, a predicate crime of violence must now satisfy the "elements clause" of § 924(c). Subsequent case law implied or held that a Hobbs Act conspiracy, because it does not require the actual use of force, may not serve as a predicate "crime of violence" under the elements clause of § 924(c). *See United States v. Howell*, No. 18-3216, 2021 WL 3163879, at *3 (3d Cir. July 27, 2021) (Under the "elements" clause, "[w]e will accordingly assume, without deciding, that conspiracy to commit Hobbs Act robbery is not a valid predicate for a § 924(c) conviction."); *United States v. Walker*, 990 F.3d 316, 323 n.10 (3d Cir. 2021) (citing cases holding the same).

By order and opinion dated October 4, 2021, I denied the section 2255 motion. (Darby 2255 case DE 12, 13) The underlying predicate for Mr. Darby's § 924(c) conviction, I found, was not the Count 1 Hobbs Act conspiracy, but rather the Count 10 substantive Hobbs Act offense, incorporated by reference in Count 11. Accordingly, I found the Supreme Court case law, to the extent it would rule out a Hobbs Act conspiracy as a crime of violence, inapplicable.

**This Motion**

While the § 2255 motion was still pending, on a parallel track, Mr. Darby brought the motion for reduction of sentence under the First Step Act that is the subject of this Opinion and Order.

Before proceeding to the merits of a motion for a reduction in sentence, a defendant must meet § 3582(c)(1)(A)'s exhaustion requirement, which requires

---

[1]   The term "crime of violence" in § 924(c)(1)(A) is explicitly defined in 18 U.S.C. § 924(c)(3) to mean a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(A) is known as the statute's "elements clause," while § 924(c)(3)(B) is known as the "residual clause." The residual clause was found unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319 (2019), leaving only the categorical approach of the elements clause. *See United States v. Monroe*, 837 F. App'x 898, 899 (3d Cir.), *cert. denied sub nom. Copes v. United States,* 142 S. Ct. 247 (2021).

either that the defendant has exhausted all administrative remedies with the Bureau of Prisons, or that, since the submission of a request to the warden, 30 days have passed without a decision being rendered. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). As is proper, Mr. Darby first petitioned the Warden of FCI Bennettsville for Compassionate Release, via an "Inmate Request to Staff" dated March 1, 2021. (DE 41 at 2) That petition was based on grounds similar to those asserted in the § 2255 motion. That is, Mr. Darby argued that his § 924(c) conviction was invalid, because it was not supported by a predicate "crime of violence," and that therefore his 84-month consecutive sentence should be vacated. The Warden denied Mr. Darby's petition by a written decision dated March 23, 2021. (DE 41 at 1)

Mr. Darby, having exhausted his administrative remedies with respect to those particular claims, brought the motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) that is now before this Court. (DE 41-1) In this motion, too, he argues that his § 924(c) conviction lacks a legal predicate crime of violence, and that the consecutive § 924(c) component of his sentence is therefore illegal. (DE 41-1)

**Discussion**

Most commonly, the legality of a federal conviction or sentence will be challenged *via* a Section 2255 motion. *See Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002). Indeed, Mr. Darby has already filed a § 2255 motion asserting that his § 924(c) conviction, and his consecutive § 924(c) sentence, are illegal.

In deciding that § 2255 motion, I held that the Count 11 § 924(c) conviction was not in fact predicated on a Hobbs Act conspiracy, but on a substantive Hobbs Act offense. Case law that would disallow a Hobbs Act conspiracy as a predicate offense, cited above, therefore did not apply. I adhere to that ruling.

To the extent Mr. Darby may now be arguing that a *substantive* Hobbs Act offense is likewise not a predicate for § 924(c) liability, I disagree. A substantive Hobbs Act robbery charge "has as an element the use, attempted

3

use, or threatened use of physical force against the person or property of another," and therefore falls within the "elements clause" of 18 U.S.C. § 924(c).[2] Post-*Davis,* the Third Circuit has reaffirmed the pre-*Davis* consensus that a Hobbs Act robbery is a crime of violence for purposes of § 924(c). *See United States v. Walker,* 990 F.3d 316, 325–30 (3d Cir. 2021) (after panel rehearing in light of *Davis,* holding that completed Hobbs Act robbery and attempted Hobbs Act robbery are categorically considered crimes of violence under the § 924(c) elements clause); *United States v. Monroe,* 837 F. App'x 898, 899 (3d Cir.), *cert. denied sub nom. Copes v. United States,* 142 S. Ct. 247 (2021) (holding that, post-*Davis,* substantive Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)); *Gordon v. United States,* 850 F. App'x 140, 142 (3d Cir. 2021), *cert. denied,* No. 21-5589, 2021 WL 5284667 (U.S. Nov. 15, 2021) (citing *Monroe* and stating that "the Supreme Court's *Davis* decision did not change our conclusion that Hobbs Act robbery is categorically a crime of violence"); *Foote v. United States,* No. 19-17222, 2021 WL 5122073 at *3 (D.N.J. Nov. 4, 2021) ("[I]t is clear after *Walker* that Petitioner's attempted Hobbs Act robbery charge is more than sufficient to support his [§ 924(c)] conviction.").[3] *See also United States v. Franklin,* No. 20-30136, 2021 WL 5458238, at *5 (9th Cir. Nov. 23, 2021) (having reexamined the question after *Davis,* holding that Hobbs Act robbery and attempted robbery are crimes of violence under the elements clause, while reserving the issue of conspiracy); *United States v. McHaney,* 1 F.4th 489, 492 (7th Cir. 2021) (reaffirming prior similar holdings post-*Davis*).

---

[2] And, because the analysis is under the "elements" clause, the vagueness of the "residual clause," 18 U.S.C. § 924(c)(3)(B), does not come into play.

[3] Nevertheless, the Third Circuit has conceded the abrogation of pre-*Davis* cases finding Hobbs Act robbery to be a predicate crime of violence, such as *United States v. Robinson,* 844 F.3d 137 (3d Cir. 2016), because their "modified categorical approach" is not consonant with the reasoning of *Davis. See United States v. Monroe,* 837 F. App'x at 899 & n.1; *United States v. Collazo,* 856 F. App'x 380, 382 (3d Cir. 2021).

Mr. Darby recently filed a reply in which he may be attempting to expand the scope of his motion. (DE 44) It consists of a letter attesting to the authenticity of attached prison medical records.

To begin with, I would not entertain wholly new grounds, asserted in a reply submission to which the government has not had the opportunity to respond. That defect could perhaps be cured by granting the opportunity to submit additional papers, however.

More important is Mr. Darby's failure to satisfy the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) with respect to these medical grounds for relief. Mr. Darby's petition to the Warden said nothing about any medical grounds for compassionate release. He has not exhausted his administrative remedies with respect to those medical grounds, and I will not consider them.[4] That said, Mr. Darby remains free to petition the Warden for Compassionate Release on medical grounds, and, if the results are not satisfactory, to bring a further motion in this Court.

---

[4] I would not waive the exhaustion requirement under these non-emergent circumstances, even assuming I was empowered to do so. *See United States v. McGill*, No. CR 07-00255 (SDW), 2021 WL 1171663, at *2 (D.N.J. Mar. 29, 2021) ("This Court may not waive the FSA's administrative exhaustion requirements, which are statutorily created."); *United States v. Epstein*, No. CR 14-287 (FLW), 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020) ("[T]he FSA does not provide this Court with the authority to excuse Defendant's failure to exhaust his administrative remedies or to waive the 30-day waiting period."). *See also United States v. Petrossi*, 454 F. Supp. 3d 452, 457 (M.D. Pa. 2020) (requiring strict compliance but citing contrary district court authority within the Second Circuit).

Mr. Darby's prison medical records record a positive rapid test for COVID-19, which had been resolved, and defendant's self-report of two COVID infections, as well as aggravating medical conditions (not described here for reasons of confidentiality). The record is silent as to whether Mr. Darby has received a vaccination, or has refused vaccination. Vaccination is, however, widely available in federal correctional institutions. FCI Bennettsville, which houses 1585 inmates, reports that 185 staff and 1121 inmates have been vaccinated. While it has reported positive cases in the past, that institution currently reports no active cases:

| Inmates Positive | Staff Positive | Inmate Deaths | Staff Deaths | Inmates Recovered | Staff Recovered |
|---|---|---|---|---|---|
| 0 | 0 | 1 | 0 | 159 | 66 |

https://www.bop.gov/coronavirus/ (visited Dec. 10, 2021).

## ORDER

The defendant, Jamar Darby, having filed a motion (DE 41) for a reduction of sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A); and the Court having considered the submissions (DE 41, 42, 43, 44); and good cause appearing therefor;

IT IS this 10th day of December, 2021

ORDERED that the motion (DE 41) is DENIED without prejudice to a further application, first to the Warden and thereafter to this Court, on other grounds, such as medical conditions. The clerk shall close the file.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge